IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 4:25-CR-00566 |
| | ) | |
| Plaintiff, | ) | Judge Christoper A. Boyko |
| | ) | |
| v. | ) | DEFENDANT'S MOTION TO |
| | ) | MODIFY CONDITIONS OF |
| BRENDA DIXSON, | ) | RELEASE |
| | ) | |
| Defendant. | ) | |

Defendant, Brenda Dixson, by and through undersigned counsel, respectfully moves this Court to modify the conditions of her pretrial release by replacing home detention with a curfew, and imposing any other conditions the Court deems appropriate. This request is made pursuant to 18 U.S.C. § 3142(c)(3), which authorizes the Court to amend pretrial release conditions at any time, and in accordance with the statutory mandate to impose the least restrictive conditions necessary to reasonably assure the defendant's appearance and the safety of the community. Defendant has been fully compliant with all conditions of release since October 31, 2025, and submits that a curfew, monitored by Pretrial Services, will continue to satisfy the purposes of pretrial supervision.

## PROCEDURAL BACKGROUND

On or about October 31, 2025, this Court ordered the release of Defendant, Brenda Dixson on pretrial supervision, subject to conditions including home detention and electronic monitoring.

Since her release, Defendant has maintained full compliance with all conditions imposed by the Court, including regular contact with Pretrial Services, with no violations. There have been no reported issues or concerns regarding Defendant's conduct while on release.

## SUMMARY OF ARGUMENT

The Court has continuing authority under 18 U.S.C. § 3142(c)(3) to amend pretrial release conditions at any time. The Bail Reform Act requires that the Court impose only the least restrictive conditions necessary to reasonably assure the defendant's appearance and the safety of the community. Defendant's full compliance with all conditions since release demonstrates reliability and respect for the Court's authority, supporting the conclusion that continued home detention is more restrictive than necessary. A curfew, monitored by Pretrial Services, would provide adequate structure and oversight to ensure appearance and community safety, consistent with the statutory mandate and Sixth Circuit authority. The requested modification is supported by the defendant's compliance history and the individualized assessment required by law.

## ARGUMENT

### I. The Court Has Continuing Authority to Amend Pretrial Release Conditions

Federal law provides that the Court may amend the conditions of pretrial release at any time. 18 U.S.C. § 3142(c)(3) authorizes the judicial officer to impose additional or different conditions of release as appropriate. This authority is ongoing and allows the Court to respond to changes in circumstances, including a defendant's demonstrated compliance with existing conditions  18 USCS § 3145.

### II. The Bail Reform Act Requires the Least Restrictive Conditions Necessary

The Bail Reform Act mandates that the Court impose only those conditions that are the least restrictive necessary to reasonably assure both the appearance of the defendant and the safety of the community  United States v. Vasilakos, 508 F.3d 401,  United States v. Himler, 797 F.2d 156. The Act directs the judicial officer to consider the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community  United States v. Vasilakos, 508 F.3d 401,  United States v. Xiaorong You, 2020 U.S. App. LEXIS 15809. This obligation is ongoing and not limited to the initial release order.

### III. Defendant's Full Compliance Justifies Modification to a Less Restrictive Condition

Since October 31, 2025, Defendant has fully complied with all conditions of release, including home detention, electronic monitoring, and regular contact with Pretrial Services. This record of compliance demonstrates reliability and respect for the Court's authority. Courts in the Sixth Circuit have recognized that modification of release conditions is appropriate where the defendant's conduct demonstrates that less restrictive conditions will suffice  United States v. Pate, 2025 U.S. App. LEXIS 11319,  United States v. Vasilakos, 508 F.3d 401. Continued home detention is now more restrictive than necessary to achieve the statutory objectives.

### IV. A Curfew Condition, Monitored by Pretrial Services, Is Sufficient to Assure Appearance and Community Safety

A curfew, monitored by Pretrial Services, and with electronic monitoring if deemed necessary, provides sufficient structure and oversight to ensure compliance with court orders and protect the community  United States v. Vasilakos, 508 F.3d 401,  United States v. Peeples, 630 F.3d 1136. The Bail Reform Act does not mandate the most restrictive conditions when less restrictive alternatives are adequate  United States v. Himler, 797 F.2d 156,  United States v.

Coffee, 180 Fed. Appx. 562. Defendant's compliance history strongly indicates that a curfew will be sufficient to assure both appearance and community safety  United States v. Xiaorong You, 2020 U.S. App. LEXIS 15809,  United States v. Opute, 2025 U.S. Dist. LEXIS 131887.

## V. The Requested Modification Is Consistent with Statutory and Case Law Requirements

The Court may amend the conditions of release if it finds that the defendant will abide by the modified conditions and that such conditions will reasonably assure appearance and safety  18 USCS § 3148,  18 USCS § 3148. The requested modification from home detention to a curfew aligns with the statutory mandate to impose only those conditions necessary to achieve the goals of pretrial supervision  United States v. Vasilakos, 508 F.3d 401,  United States v. Himler, 797 F.2d 156. The continued involvement of Pretrial Services ensures ongoing oversight and accountability.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court modify the conditions of her pretrial release by replacing home detention with a curfew and imposing any other conditions the Court deems appropriate to reasonably assure her appearance and the safety of the community.

Respectfully Submitted,
**BETRAS KOPP, LLC**

*/s/ Frank L. Cassese*

Frank L. Cassese (0092991)
6630 Seville Dr.
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: fcassese@bk-laws.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed and served electronically on the 29th day of April 2026 upon attorneys who have completed ECF registration as required by the Court.

*/s/ Frank L. Cassese*
Frank L. Cassese (0092991)
